## BAY v. MERRILL & RING LOGGING CO.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1915. Rehearing Denied March 8, 1915.)

### No. 2447.

COMMERCE ☞27—EMPLOYERS' LIABILITY ACT—RAILROADS "ENGAGED IN INTERSTATE COMMERCE."

An owner of timber land in the state of Washington, which owned and operated a logging railroad from such lands to Puget Sound for the sole purpose of hauling logs and poles to the Sound, where they were placed in the water and there sold to purchasers, who resold the same or the lumber made therefrom largely in other states, is not "engaged in interstate commerce," within the meaning of Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (Comp. St. 1913, §§ 8657–8665), and an employé cannot maintain an action for a personal injury thereunder.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. ☞27.

For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.

Employés engaged in interstate commerce within Employers' Liability Act, see note to Baltimore & O. R. Co. v. Darr, 124 C. C. A. 571.]

Ross, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington.

Action at law by August Bay against the Merrill & Ring Logging Company. Judgment for defendant (211 Fed. 717), and plaintiff brings error. Affirmed.

The plaintiff in error was injured while in the employment of the Merrill & Ring Logging Company, the defendant in error, and while he was engaged in loading logs on a flat car in the woods, where the logs had been cut preparatory to transporting them to the waters of Puget Sound. His right to bring an action for damages in the court below under the provisions of the federal Employers' Liability Act depended upon the answer to the question whether or not the logging company was at the time of the accident engaged in interstate commerce. Upon the conclusion of the trial the court directed a verdict in favor of the defendant, upon its motion, based upon the grounds: First, that the testimony did not establish that the defendant was a common carrier; and, second, that it was not engaged as a common carrier in interstate commerce.

The facts shown by the evidence are in substance as follows: The logging company owned extensive tracts of timber in Snohomish county, Wash., and was engaged solely in cutting logs on its own lands and hauling them over its own road to the waters of Puget Sound, where it dumped them from the cars into a boom. At that point it sold the logs to purchasers, who paid for them there, and there took possession of them and towed them away by tugs. The most of the logs were sold to nearby mills on the Sound, which were engaged in the manufacture of lumber, and this lumber, when manufactured, was for the most part ultimately disposed of and shipped to points outside of the state of Washington. In addition to these transactions in logs, the logging company had at times taken out some poles, which also it sold and delivered at its boom to the National Pole Company, a purchaser which did business at Everett, and which bought and paid for the poles after they were delivered in the water, and thereafter sold them for shipment to California. The road is a standard-gauge logging railroad, and is operated as a part of the logging business of the defendant in error, and is connected by switches with the Great Northern and the Interurban roads; but those connections are used only for the purpose of bringing supplies to the company's logging camps. No logs or timber of any kind were at any time transferred to these other roads. One shipment of steel rails had gone over the logging road for the Interurban at the time when the latter was constructing its road. For that service the actual expense of operating the locomotive was the only charge made, and the Interurban assumed all liability on account of accidents occurring in the transportation.

John T. Casey, of Seattle, Wash., for plaintiff in error.
Hughes, McMicken, Dovell & Ramsey, of Seattle, Wash., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). We may assume from the evidence that the defendant in error was a common carrier; but it is clear that it was not engaged in interstate commerce. In that respect the facts in the case are identical with those which were before this court in the recent case of Nordgard v. Marysville & Northern Railway Company, 218 Fed. 737, 134 C. C. A. 415, and we need not add to the discussion that was there had.

The judgment is affirmed.

ROSS, Circuit Judge. I dissent, for the reasons stated in my dissenting opinion in the case of Nordgard v. Marysville & Northern Railway Company, above referred to.